IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD F. GREENSPAN,　　　　　　　　　　　　No. 3:21-cv-00954-JR

　　　　　Plaintiff(s),　　　　　　　　　　　　　　　ORDER

　　v.

AARON KINGSTROM, et al,

　　　　　Defendant(s).

HERNÁNDEZ, District Judge:

　　　　Magistrate Judge Jolie A. Russo issued a Findings and Recommendation on September 27, 2023, in which she recommends the Court grant Plaintiff's Motion for Default Judgment as to defendant Edwin Ng, grant Plaintiff's Motion for Summary Judgment as to defendant Carol Tam, enter a default judgment against Ng, and enter a judgment against Tam. F&R, ECF 122. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

　　　　Because Ng did not file objections to the Magistrate Judge's Findings and Recommendation, the Court is relieved of its obligation to review the record *de novo* as to Plaintiff's claims against Ng. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

1 - ORDER

(en banc); *see also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988) (*de novo* review required only for portions of Magistrate Judge's report to which objections have been made). Having reviewed the legal principles *de novo*, the Court finds no error as to Defendant Ng.

Tam filed timely objections to the Magistrate Judge's Findings and Recommendation. Def. Obj., ECF 124. The district court, therefore, must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). Tam states in her Objections that her financial advisor invested Tam's funds in the scheme at issue and Tam did not "pocket any gains from Aequitas . . . because [the advisor] reinvested" the gains from Aequitas into another investment vehicle, which was subsequently frozen. Tam Obj., ECF 124, at 1. Tam, however, does not contest that she received the "winnings" from the Aequitas scheme in her investment account. That Tam's financial advisor then reinvested the winnings in another investment vehicle which was subsequently frozen does not create a genuine dispute of material fact sufficient to survive summary judgment. The record reflects, and Tam does not deny, the existence of a Ponzi scheme, that Tam received a net positive transfer in excess of her investment from the Ponzi scheme, and that the transfer occurred at the time Aequitas was insolvent. *See Donell v. Kowell*, 533 F.3d 762, 770-72 (9th Cir. 2008). In addition, Plaintiff is entitled to claw back the "winnings" under the doctrine of unjust enrichment. *See Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 133 (2017)(a transfer induced by fraud is subject to rescission and restitution as a source of unjust enrichment). Accordingly, Tam's Objections do not provide a basis to modify the Findings and Recommendation. The

Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Russo's Findings and Recommendation, ECF 122. Therefore, the Court GRANTS Plaintiff's Motion for Default Judgment as to Defendant Ng, ECF 115-1, and GRANTS Plaintiff's Motion for Summary Judgment as to Defendant Tam, ECF 115-2.

IT IS SO ORDERED.

DATED: __November 27, 2023__.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

3 - ORDER